```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KYLE COCHRAN and WHITNEY MAUPIN, ) ) ) | |
| Plaintiffs, ) ) | Civil No. 5:11-cv-412-JMH |
| v. ) ) | |
| NELSON O'DONNELL, ) *in his individual capacity* ) *as Madison County Sheriff*, ) ) and ) ) ) NELSON O'DONNELL, ) *in his official capacity* ) *as Madison County Sheriff*, ) ) Defendant. ) ) | **MEMORANDUM OPINION AND ORDER** |

```
              **    **    **    **    **
```

This matter is before the Court upon Defendant's motion to dismiss with prejudice. [DE 4]. Plaintiffs have filed a response. [DE 5]. The Court being sufficiently advised, this matter is ripe for decision. For the following reasons, Defendant's motion will be granted in part and denied in part.

Plaintiffs filed this action in federal district court, alleging Defendant's violation of 42 U.S.C. § 1983 as a basis for this Court's jurisdiction, pursuant to 28 U.S.C. § 1331. Additionally, Plaintiffs assert two state-law claims, urging that this Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. In response to Defendant's motion to dismiss, Plaintiff concedes that this action was filed outside of the one-

year statute of limitations applicable to § 1983 claims. *See Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990). Acknowledging that the Court "may," upon Defendant's motion, dismiss the § 1983 claim, Plaintiffs urge the Court to retain supplemental jurisdiction over the state law claims or, in the alternative, dismiss them without prejudice so that Plaintiffs may file them in state court. For the following reasons, the Court will dismiss Plaintiffs' § 1983 claim with prejudice and dismiss the related state law claims without prejudice.

Plaintiffs bring their § 1983 claim well after the one-year statute of limitations has passed. Accordingly, Defendant's motion to dismiss on that basis will be granted. Although supplemental jurisdiction is largely a matter of the Court's discretion, state law claims generally will be dismissed when all federal claims are dismissed before trial. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Considering the very early stage of litigation, this is a case in which the Court's dismissal of the state law claims clearly is appropriate. *See Gamel v. City of Cincinnati,* 625 F.3d 949, 952-53 (6th Cir. 2010)(district court properly declined to exercise supplemental jurisdiction where it had not invested significant time in the litigation prior to dismissal of federal claims). To avoid engaging in "needless decisions of state law," while preserving Plaintiffs' opportunity to have their day in court, the Court will dismiss Plaintiffs'

state law claim without prejudice.  *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Accordingly, **IT IS ORDERED:**

**1)** Defendant's motion to dismiss, [DE 4], is **GRANTED IN PART and DENIED IN PART;**

**2)** Plaintiffs' claim under 42 U.S.C. § 1983 is hereby **DISMISSED WITH PREJUDICE;** and

**3)** Plaintiffs' remaining state law claims are hereby **DISMISSED WITHOUT PREJUDICE.**

This the 16th day of February, 2012.

